[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 24, 1997
These two actions are brought by former tenants of the defendant. They are identical actions alleging misdeeds of the defendant regarding their separate tenancies at 208 and 210 South Colony Street, Wallingford, Connecticut. The complaints are each brought in six counts; in each matter, the plaintiff moves for summary judgement as to Counts I, III, and IV of their respective complaints. For the reasons stated hereinafter, summary judgment, in each file, is denied in part and granted in part.
The following are found to be undisputed facts necessary for the disposition of these motions. Each of the plaintiffs were tenants of the defendant under, first, a one year lease and subsequent to that, they each stayed on as month to month tenants. Each tenant had paid a security deposit upon the commencement of their respective tenancies. During the period of each of the plaintiffs' tenancies, no Certificate of Compliance had been issued for either of the units. Each tenant vacated their respective unit sometime in mid-December, 1991. They each left a forwarding address with the defendant. Each tenant had lived in their respective unit for over seven years. During the CT Page 387-N period of each of the plaintiffs' tenancies, the defendant did not pay interest on the security deposit[s] on any of the anniversary dates of the tenancy nor after the termination of the tenancy.
In 1992, each tenant was sued in small claims court by Hrehowsik for nonpayment of rent for September, October and November 1991 rent. In both instances, prior to those dates, it is undisputed that the tenant had paid rent in a timely manner for seven years. Those small claims suits failed and new small claims actions were filed for the same claims in 1994. Once again, those suits were dismissed and the same were brought, again, in 1996.
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Dailyv. New Britain Machine Co., 200 Conn. 562, 568 (1986).
At argument, the plaintiffs, through counsel, concede that CT Page 387-O there is a dispute as to a material factual issue which operates to defeat their motions for summary judgment as to count IV of the complaints. In that count, each plaintiff has alleged that the defendant failed to return the security deposit of the plaintiff[s] and provide an itemization in writing of damages claimed to be deducted therefrom. Defendant Hrehowsik denies that and claims that just such a written itemization including deductions from the security deposit was provided in both instances. As plaintiff concedes, this is a material fact over which there is a dispute and, therefore, summary judgment is not appropriate.
The other two counts on which the plaintiffs seek summary judgment revolve around the uncontested fact that the defendant did not have a Certificate of Compliance, also known as a Certificate of Occupancy, for the rented premises. The first count claims that the leasing of these premises and collection of rent for the periods of the tenancies constitutes a violation ofConnecticut General Statutes Sections 47a-5[1] and 47a-7
(a)[2]. The count also makes allegation of Wallingford Housing Code ordinances regarding the same (which are denied by the CT Page 387-P defendant). However, reference to the Wallingford Code, by this court, is not necessary for the disposition of this issue. The real question to be resolved here is whether a separate cause of action lies to recover rents paid where there has been no Certificate of Occupancy for the subject premises.
Our Supreme Court has determined that a CUTPA claim may be maintained under Connecticut General Statutes Section 42-110b for violation of similar statutes requiring the attainment of a Certificate of Occupancy for multifamily units prior to renting them. Conaway v. Prestia, 191 Conn. 484, 491 (1983). In a footnote of that decision, the Court concurred with the defendant landlord there that while the lack of the Certificate acted as a bar to recovery of unpaid rents, these statutes ". . . do not explicitly prohibit the defendants from `recovering' or `collecting' rents voluntarily paid." Id. at n. 11. Plaintiff argues that if a CUTPA claim may lie then so may a claim for damages under the statute. The Plaintiff has separately pled the CUTPA claim in a different count. Not all violations of C.G.S.
Section 42-110b independently support a separate common law or statutory right of action; instead, the practice complained of in CT Page 387-Q such a claim must offend public policy as established therein.Id., citing to FTC v. Sperry Hutchinson Co., 405 U.S. 233,92 S.Ct. 898, 31 L.Ed. 170 (1972). If the payments were voluntarily made, it would appear that the footnote cited above would act as a bar to a recovery of the voluntary payments, by way of a count separate from the CUTPA complaint. There is a material fact outstanding as to whether the payments were voluntarily made as urged by the defendant, or, coercively made as urged by the plaintiffs. This, then, leaves to a later day the question of whether as a matter of law recovery will be possible, once the facts are established.
The final count upon which the plaintiffs seek summary judgment is the claim that the defendant failed to pay or credit the plaintiffs interest in violation of Connecticut GeneralStatutes Section 47a-21 (d). This section references 47a-21 (i). When read together, it is readily clear that the interest is returnable or credited against the next month's rent. The defendant concedes he never paid interest over to the plaintiff. Further he has admitted in his small claims writs that the payments of rent of each plaintiff were, respectively, on time CT Page 387-R for seven years. Rent is not recoverable for months not paid where there was no Certificate of occupancy. This cannot be the basis of a defense, then, for nonpayment of interest. Therefore, there is no shelter for the defendant in the default provisions regarding late payment and interest. There is no genuine issue of material fact as to this count. As a matter of statutory law, the plaintiffs are each entitled to summary judgment on Count Three.
The motions for summary judgment are denied as to Counts One and Four and granted as to Count Three.
MUNRO, J.